Our first case for argument is 24-2141, James v. Collins. Mr. DePompis, please proceed. Thank you, Your Honor. May it please the Court, on behalf of Mr. James, I want to thank this Court for the opportunity to present his appeal. Mr. James challenges the Veterans Court's decision insofar as it dismissed entitlement to any non-diagnostic code 8100 compensation after 2018. The Veterans Court found that the Board misapplied the law in how it rated his headache disorder under the analogous diagnostic code 8100. Counsel, what is the specific adverse legal ruling that you contend this Court has jurisdiction to review? So the issue that this Court is, that we've asked this Court to look at, Your Honor, is the dismissal order insofar as it precludes entitlement to any compensation, I'm sorry, to all compensation authorized under 1131. So Mr. James, as we acknowledged in our reply brief more directly, did not challenge the 50% rating that was assigned under that diagnostic code. But his briefing to the Court raised the general error that when it rated his headache condition, it misapplied 54.20 and this Court's decision in Webb, and then also generally in failing to compensate him for, excuse me, all of the resulting disabilities that came out of his headache disorder. And so when the Veterans Court was looking at the briefing, it issued an overly broad dismissal that cut off entitlement to any additional compensation other than what's allowed under the analogous diagnostic code 8100. And that violates the statutory mandate under 1131 to ensure that he's compensated for all of the resulting disabilities, not just the ones that the Board analogized to the 8100 diagnostic code. Is the concern limited to headaches as opposed to the 8100 migraine headache analogy, or are you concerned that the Veterans Court has cut off everything, like even the secondary conditions like memory loss? Exactly, Your Honor. The latter. The order cuts off anything that's not covered under the 50% rating under the analogous 8100 diagnostic code. So if, for instance, the memory issues were found on remand to be compensable, then we fear that this dismissal order, in looking at the way that it's worded, will not allow the VA to compensate him after 2018 because of the way that the dismissal order is written. Likewise, if the VA found that he was entitled to something more than 50% under another analogous code or a TDIU or an extra scheduler rating, this dismissal order cuts off... Can you point us to the specific language in the order that you're concerned about? So right on page 2 of the appendix, Your Honor, the appellant does not challenge the Board's determination that he is not entitled to disability rating for headaches in excess of 50% for the period beginning September 2018 and the court will therefore dismiss the appeal as to that matter. And so part of the problem is is there's not much to this order, but reading it as it's written, it essentially cuts off the appeal period to only look at the time period before September 2018. Now, haven't we been very clear, however, that we don't have jurisdiction to review what we've construed as an application of law to fact, namely what issues were presented to the Veterans Court? Isn't that all this? You're asking us to review a finding that I don't think we have jurisdiction over. No, Your Honor. We are not challenging the Veterans Court determination that Mr. James did not challenge the rating assigned under Diagnostic Code 8100. And I do recognize it's a very narrow distinction, but what we do challenge is that this dismissal order precludes any additional compensation which is required under 1131. And not only what the Board granted the 50% rating under the analogous Diagnostic Code, but any other compensation. But if the Veterans Court found in looking at your appeal, this appeal is only about 2014 to 2018 and it's not at all about post-September 2018, if that's what the Veterans Court found. Do we have any jurisdiction to review that? Again, I think you do, Your Honor. I think that if this Court looks at the mandate under 1131 to compensate and marries it up with the rest of the decision which told the VA to go back and correctly apply the law, determine what disability is from the headaches, what disability is compensable, that there's essentially the law cannot allow, at least under this kind of a rule, I'm sorry, this kind of an order to cut off entitlement at a specific time when there's the potential for additional ratings and additional compensation based on the other part of the remand order. And certainly prior to 2018, Mr. James did not, and the Court did not find that he limited his appeal only to a 50% rating under Diagnostic Code 8100 and the Veterans Court did not find that he was limiting his argument to only receiving compensation under that. In fact, it specifically addressed the memory issue that you referenced, Your Honor, and just generally correctly rating his disability. So if we don't read the dismissal order as broadly as you do, do you agree that the appropriate thing for us to do here is dismiss for lack of jurisdiction? Yes, Your Honor, I do. Because I think the case law is clear that we cannot challenge the Veterans Court's finding that a certain issue is dismissed. But I think this case raises a very unique situation where it's overly broad and it violates, again, 1131's mandate to pay him for all of his resulting disabilities. And I also assume that the only part that you were pointing us to that you thought was the over-breath part was Appendix Page 2. So if we read the rest of it in context and disagree that it's over-broad, it sounds like you are in agreement with me that we should dismiss for that. Under binding case law, yes, Your Honor. Okay. Anything further? Not at this time. I will reserve the rest of my time for rebuttal. Thank you, Your Honor.  Mr. Carhart? May it please the Court. Mr. James challenges the Veterans Court's remand order that dismissed his appeal as to the period following September 7, 2018, for which he already has the maximum rating allowed under Diagnostic Code 8100. The Court should dismiss this appeal or alternatively affirm the Veterans Court's ruling. So I'll start with, I'll make two points. First, this is a and to some extent, Mr. DeHakwa agrees with that depending on how the Veterans Court's order is read. As to how the Veterans Court's order should be read, we disagree with the breadth of Mr. DeHakwa's reading. In particular, on the memory loss point, the Veterans Court's remand is not time-limited. So that's Appendix 12. As to the rating, the time period of the rating that Mr. James can get with respect to the memory loss issue. So that issue is explicitly remanded without any time limitation. And we do not see any basis in the Veterans Court's ruling to say that he's barred from seeking compensation for the post-2018 period for that memory loss rating. More generally, the Veterans Court's dismissal must be read in the context of the Board's order. And what the Board was saying was that Mr. James has the maximum rating under DC 8100 for the September 8, 2018 and following period. And he's not entitled to anything more than that. And all the Veterans Court is saying is Mr. James hasn't challenged that aspect of the Board's order. So we're dismissing that part of the appeal. Has it ever been in dispute in this case whether 8100 and its 50% disability limit is the full extent that one can get for headaches? That is, 8100 is just an analogy for headaches as I understand it. Has it been accepted or possibly disputed that 50% would still be a limit? So Mr. James has pushed back, I would say, on the Board's findings about 8100 being analogous or being the analogous rating code. On the other hand, I haven't seen anything in the record suggesting what an alternative diagnostic code might be. So I'm not aware of any other diagnostic code that's been suggested as a better analogy. And I would note that Mr. James has had migraine headaches among other aspects of his headache symptoms. So the Board did, in our view, reasonably explain why DC 8100 is the most analogous code. If there's nothing further, we ask that the Court dismiss or alternatively affirm. Thank you. Thank you, Mr. Carhart. So I want to emphasize to the Court that Mr. James brought this appeal in order to clarify his rights on remand and whether dismissal allows him to obtain additional benefits. It was never his intention to cut off, to only ask for a 50% rating. And so I think this is shown in the Veterans Court's order again that directs the Board on remand to look anew at all of his ratings and ensure that it is properly and accurately implementing 4.20, this Court's decision in Webb, and generally the statutory mandate under 1131. Mr. James is not in receipt of the maximum available ratings. He may be under diagnostic code 8100, but there are other statutory and regulatory provisions that allow him to obtain an even higher rating, not only outside of the diagnostic code that the Board may have selected. And so in the last point that the Government brought up with him having a migraine condition as part of his disability picture, the Board's findings are binding on the parties and the Board found that he did not have the migraine condition. That's why it was rated by analogy. So if there are no other questions, then we would ask that the Court set aside the Veterans Court's dismissal with respect to any non-diagnostic code 8100 disability compensation. Thank you, Counsel. The case is taken under submission.